IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

BRENDA J. THOMAS,

    Plaintiff,

v.                                           Civil Action No. 10-863-RGA

JOHN E. POTTER
Postmaster General

    Defendant.

## MEMORANDUM OPINION

Timothy J. Wilson, Esq., The Wilson Firm, Newark, DE.

    Attorney for Plaintiff Brenda J. Thomas.

Charles M. Oberly, III, Esq. United States Attorney, Wilmington, DE; Patricia C. Hannigan, Esq., Assistant United States Attorney, Wilmington, DE

    Attorneys for Defendant John E. Potter, Postmaster General.

January 2, 2013

*signature: Richard G. Andrews*
ANDREWS, U.S. DISTRICT JUDGE:

On October 8, 2010, the plaintiff, Brenda J. Thomas, filed the above-captioned action against the defendant, John E. Potter, Postmaster General of the United States Postal Service. (D.I. 1). In her complaint, Ms. Thomas alleges that the defendant violated the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 *et. seq.* (the "ADEA"). (*Id.* at 1-2). Ms. Thomas asserts that, since approximately 2008, the defendant discriminated against her due to her age by inequitably distributing work hours and failing to provide her with "scheme training."[1] (*Id.* at 2). Presently before the court is defendant's motion for summary judgment. (D.I. 29). Briefing is complete. (D.I. 30, 33, 35). For the reasons that follow, the court grants the Defendant's motion for summary judgment.

I. BACKGROUND

At all relevant times, plaintiff was employed as a part time flexible ("PTF") clerk at the New Castle Post Office in New Castle, Delaware. (D.I. 34 at B2). As a PTF employee, plaintiff was required to work a minimum of two hours daily and could be assigned no more than forty hours per week on a flexible schedule. (D.I. 30 at 11). On January 23, 2010, plaintiff filed a formal EEO complaint, alleging age discrimination. (D.I. 34 at B1). Specifically, plaintiff

---

[1] Ms. Thomas initially asserted other claims of age discrimination, including having requests for time off being denied and not being paid for time worked. (D.I. 1 at 2). In her answering brief, however, plaintiff stated that these claims were "incidental" and, therefore, is no longer pursuing claims for age discrimination other than as they relate to the denial of scheme training and inequitable distribution of work hours. (D.I. 33 at 3).

2

alleged that, since approximately 2008, two younger co-workers[2] were given more hours than she was. (*Id.* at A-9-10). Plaintiff, however, admitted at her deposition that the two co-workers had different job responsibilities. (*Id.*). Mr. Gonzales, plaintiff's supervisor, testified that, in scheduling hours, he "tried to keep everybody equal." He further testified that "things happen" and he would adjust the schedule based on the operational needs of the Postal Service. (*Id.* at A-46-49). Time records for the time period November 28, 2009 through January 31, 2010 show that the co-workers worked an average of 4 hours (39 hours per week) and 2 hours (37 hours per week), respectively, more than plaintiff (35 hours per week). (D.I. 33 at 3; D.I. 34 at B3, 5-6). Thomas contends that the reason she was given for the disparity in hours was that she was not "scheme trained and the other clerks were." (D.I. 34 at B9).

Plaintiff also alleged that she had requested "scheme training" but that those requests had been denied. (*Id.* at B10). She claimed that the reason she was given for the denial was because she had previously failed scheme training. (*Id.* at B10). Plaintiff asserts that, if she had been given the opportunity to be scheme trained, she would have qualified for a position that would have garnered her more hours. (D.I. 31 at A-14). Plaintiff, however, conceded at her deposition that her supervisor had arranged for her to take the scheme training. (*Id.* at A-10). She testified

---

[2] The two co-workers identified by plaintiff were both over 40 years of age during the relevant time period and, therefore, also members of the protected class. The fact that the comparators are also members of the protected class, however, is irrelevant for purposes of determining whether plaintiff has established a prima facie case of age discrimination. *See O'Connor v. Consol. Coin Caterers Corp.*, 517 U.S. 308, 313 ("Because the ADEA prohibits discrimination on the basis of age and not class membership, the fact that a replacement is substantially younger than the plaintiff is a far more reliable indicator of age discrimination than is the fact that the plaintiff was replaced by someone outside the protected class."). For purposes of this opinion, the court will assume that the co-workers are sufficiently younger such that an inference of age discrimination could be raised.

3

that she only went for "maybe an hour for a particular day" but did not return because "they needed me on the processing machines." (*Id.* at A-11). Plaintiff's position is that "the Postal Service is supposed to make sure that there is training to everyone. So that everybody can be trained on every aspect of whatever is going on in that building." (*Id.* at A-13). It is also her position that seniority within the PTF category should be the basis of decision-making by management, pointing out that her two co-worker comparators were "junior" to her (*i.e.*, had been employed by the Postal Service for less time) but had been scheme trained. (*Id.*).

Mr. Gonzales testified that he had agreed to arrange scheme training for plaintiff. (*Id.* at A-58-61). He was unable to follow through on that agreement because of changes to the training procedures. (*Id.*). Ultimately, management decided that there were enough scheme trained clerks at the facility where plaintiff worked and no more were needed. (*Id.* at A-63). Mr. Gonzales further testified that scheme training is not a right held by all PTFs and that seniority played no role in determining which PTF received any particular training. (*Id.* at A-74).

## II. LEGAL STANDARDS

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A "material fact" is one that "could affect the outcome" of the proceeding. *See Lamont v. New Jersey*, 637 F.3d 177, 181 (3d Cir. 2011). The moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 n. 10 (1986). The court will "draw all reasonable

4

inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).

If the moving party is able to demonstrate an absence of disputed material facts, the nonmoving party then "must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *see also Matsushita*, 475 U.S. at 587. The mere existence of some evidence in support of the nonmoving party, however, will not be sufficient for denial of a motion for summary judgment. *Anderson*, 477 U.S. at 249. Rather, the nonmoving party must present enough evidence to enable a jury to reasonably find for it on that issue. *Id.* If the nonmoving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

## III. DISCUSSION

The defendant asserts that Ms. Thomas has failed to state a *prima facie* case for her age discrimination claim because she has not demonstrated that she was subject to an adverse employment action. (D.I. 30 at 2). Specifically, the defendant asserts that the plaintiff cannot establish that she suffered an adverse employment action because, as a PTF clerk, she was not entitled to work more than two hours a day. (*Id.* at 11). The defendant further asserts that, even if Ms. Thomas has made out a *prima facie* case of age discrimination, the Postal Service has shown legitimate, non-discriminatory reasons for its actions.

5

In response, plaintiff argues that she was subject to adverse action because younger PTF clerks were given more work hours and training than she was. (D.I. 33 at 2). Plaintiff asserts that the training she was denied would have enabled her to do work available to the younger clerks. (D.I. 33 at 9). Plaintiff also asserts that the reasons given by defendant for its actions are pretextual and, therefore, discrimination can be inferred. (D.I. 33 at 10-11).

Under the ADEA, an employer may not "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). It is also unlawful for an employer "to limit, segregate, or classify . . . employees in any way which would deprive or tend to deprive an individual employee of employment opportunities or otherwise adversely affect that employee's status due to age." *Id.* at § 623(a)(2). ADEA age discrimination claims are analyzed under the *McDonnell Douglas* burden-shifting framework. *See McDonnell Douglas v. Green*, 411 U.S. 792, 802-03 (1972); *see also Berry v. Delaware*, 2008 WL 906104, at *2-3 (D. Del. Apr. 1, 2008). To establish a prima facie case of age discrimination, a plaintiff must demonstrate that: (1) she is over forty years of age; (2) the defendant took an adverse employment action against the plaintiff; (3) the plaintiff was qualified for the position in question; and (4) her replacement was sufficiently younger to permit a reasonable inference of age discrimination. *Smith v. City of Allentown*, 589 F.3d 684, 689 (3d Cir. 2009).

Considering the record before it, the court concludes, for the reasons that follow, that Ms. Thomas has failed to establish her age discrimination cause of action. At all relevant times, Ms. Thomas was over forty years of age. There is also no dispute that she was qualified as a PTF

6

clerk. Ms. Thomas' claim as to the inequitable distribution of work hours fails, however, because she is unable to demonstrate any adverse employment action taken against her. And, even if she could demonstrate that an adverse employment action was taken against her, she has not proferred any evidence that the Postal Service's legitimate reasons are pretext for discrimination. With respect to scheme training, plaintiff's claim also fails. Although plaintiff has established a prima facie case of age discrimination with respect to scheme training, she has not rebutted the Postal Service's legitimate reasons for not providing such training to her.

The Supreme Court has defined adverse employment action as a "significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing significant changes in benefits." *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 761 (1998); *see also Swain v. City of Vineland*, 2012 WL 75959, at *3 (3d Cir. Jan. 11, 2012). The defendant argues that because the PTF position, by its nature, is flexible and only requires that the plaintiff be assigned a minimum of two hours of work daily, an assignment of fewer hours does not give rise to a "significant change in employment status . . . or . . . a significant change in benefits." *See Burlington*, 524 U.S. at 761. Plaintiff, in response, asserts that receiving fewer hours and, therefore, less compensation than her younger co-workers is "clearly adverse action." Plaintiff, however, cites no case law in support of her position nor does she point to any substantive evidence in the record of discriminatory motives.

Other courts to consider similar claims of age discrimination have found no adverse action. *See, e.g., Manning v. Potter*, 250 Fed. App'x 743, 746 (7th Cir. 2007) (concluding that,

7

despite the allegation that "specific younger employees were 'working more hours,'" a part-time flexible letter carrier with a four hour minimum work hour guarantee did not suffer a materially adverse employment action by being scheduled less than forty hours per week); *see also Duncan-Lawrence v. Potter*, No. 10-cv-1094-GMS, slip op. at 8-9 (D. Del. Sept. 18, 2012) (finding that a PTF employee failed to demonstrate that any adverse employment action was taken against her when she was assigned fewer work hours than co-workers who had different job responsibilities). In light of the record before the court, and in view of the relevant case law, the court finds that Ms. Thomas has not demonstrated that an adverse employment action has been taken against her with respect to assignment of work hours.

Even if plaintiff could show that receiving fewer work hours was an adverse employment action, she has not proffered any evidence to rebut the Postal Service's legitimate reasons for scheduling PTF workers as it did. Plaintiff seeks an inference of discrimination because her work week was shorter than two younger co-workers (35 hours as compared to 39 hours and 37 hours, respectively). Plaintiff, however, makes no showing that these differences are significant either statistically or otherwise. More importantly, plaintiff conceded that the two co-workers were assigned different work than she was. Consequently, these co-workers are not true comparators and no inference of age discrimination can arise.

Plaintiff also asserts that she was unfairly denied scheme training and that, if she had been given such training, she might have received additional work hours. (D.I. 33 at 9). Denial of training may be an adverse employment action but must be assessed on a case-by-case basis. *See Burlington Indus*, 524 at 761. Plaintiff contends that the fact that two younger PTF clerks

8

were scheme trained while she was denied training is evidence of age discrimination. In its final agency decision at the EEO complaint stage, the Postal Service concluded that this evidence established a prima facie case of age discrimination. (D.I. 34 at B6). Viewing the facts in the light most favorable to plaintiff as the non-moving party, the court agrees that plaintiff has established a prima facie case of age discrimination as to scheme training.

The court having found that the plaintiff has established a prima facie case of age discrimination, the burden shifts to the government to assert a legitimate, non-discriminatory reason for the adverse employment decision. The government argues that the decision not to provide scheme training to plaintiff was consistent with plaintiff's position as a PTF clerk as well as the Postal Service's business needs. Although plaintiff testified that seniority within the PTF category should be the basis of decision-making by management (D.I. 31 at A-58-61), Mr. Gonzales testified that scheme training is not a right held by all PTFs and that seniority played no role in determining which PTF clerk received any particular training. (*Id.* at A-74). Mr. Gonzales also testified that he attempted to schedule plaintiff for scheme training but that management ultimately decided there were enough scheme trained clerks at the facility where plaintiff worked and no more were needed. (*Id.* at A-63). The government, therefore, has provided legitimate reasons as to why plaintiff was not scheme trained.

The burden, thus, shifts back to plaintiff to demonstrate that the legitimate reasons provided by the Postal Service for its action are pretext for discrimination. She has pointed to no evidence of discriminatory animus other than to identify two younger co-workers who received scheme training. This, without more, is insufficient to rebut the Postal Service's legitimate

9

reasons for not providing scheme training to plaintiff. Plaintiff's claim of age discrimination with respect to scheme training, therefore, fails.

## IV. CONCLUSION

For the reasons set forth above, the court will grant the defendant's motion for summary judgment. An appropriate order will be entered.